```
 1  JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
 2
    BRIAN J. STRETCH (CSBN 163973)
 3  Acting Chief, Criminal Division

 4  STEPHANIE M. HINDS (CSBN 154284)
    Assistant United States Attorney
 5       450 Golden Gate Avenue, Box 36055
         San Francisco, CA 94102
 6       Telephone: 415.436.6816
         Facsimile:  415.436.6748
 7       Email: stephanie.hinds@usdoj.gov

 8  Attorneys for the United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>$2,526.70 FROM CITIBANK ACCOUNT NO. 40017922317; $31,502.09 FROM CITIBANK ACCOUNT NO. 40017922234; $5,086.46 FROM CITIBANK NO. 50439595; $31,502.09 FROM CITIBANK ACCOUNT NO. 40017922259; $5,175.11 FROM CITIBANK ACCOUNT NO. 50439637; $31,502.90 FROM CITIBANK ACCOUNT NO. 40017922275; $4,662.74 FROM CITIBANK ACCOUNT NO. 50439611; $17,296.00 FROM CITIBANK ACCOUNT NO. 40017742160; AND $2,749.25 FROM CITIBANK ACCOUNT NO. 50439579,<br><br>                Defendants.<br><br>ANNA WONG AND NANCY QUAN,<br><br>                Claimants. | **CV 04-0933 WBS**<br><br>**(CORRECTED)**<br>**SETTLEMENT STIPULATION AND**<br>**[~~PROPOSED~~] ORDER** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CV 05-4412 WBS** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NET PROCEEDS FROM THE SALE OF | ) | |
| REAL PROPERTY AND IMPROVEMENTS | ) | |
| LOCATED AT 935-945 FOLSOM STREET, | ) | |
| SAN FRANCISCO, CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| NANCY QUAN, | ) | |
| Claimant. | ) | |
| | ) | |

## STIPULATION

Plaintiff United States of America and Claimant Nancy Quan, in full settlement of all issues directly and indirectly related to the seizure, detention and pending forfeiture action against the above-captioned defendant property in case C 04-0933 WBS and case C 05-4412 WBS, which currently total $1,456,829.15 plus accrued interest (collectively hereinafter referred to as "defendant funds"), hereby stipulate and agree as follows:

1. The defendant funds in case C 05-4412 WBS were seized by the Federal Bureau of Investigation pursuant to a duly authorized seizure warrant as there was probable cause to believe the funds were proceeds from bankruptcy fraud and involved in money laundering transactions and thus subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C). The funds seized in case C 05-4412 WBS were seized from the bankruptcy court concerning litigation of the estate of debtor Tomi LLC (case C 03-31971). The defendant funds are currently in the custody of the United States Marshal's Service (USMS). The principal funds in case C 05-4412 WBS total $1,324,826.62.

2. The United States filed a civil forfeiture complaint against the defendant funds in case C 05-4412 WBS on October 28, 2005.

3. Nancy Quan asserted claims to the defendant funds in case C 05-4412 WBS. Mohammed Poonja, in his capacity of trustee for Tomi LLC, asserted claims in the defendant funds on

behalf of the creditors of Tomi LLC, which also included creditors of the related bankruptcy estates of Wins Fashions and Wins of California. Jimmy Quan and Anna Wong have either an ownership and/or controlling interest in each of these entities. Mr. Poonja subsequently withdrew his claim.

    4.    The parties agree that rather than engage in costly and lengthy forfeiture litigation over the defendant funds, in the interest of justice, the defendant funds in case C 05-4412 WBS, including both principal and accumulated interest, should be transferred to Mohammed Poonja in his capacity as trustee in bankruptcy case 03-31971, *In re Tomi LLC,* to be distributed as indicated below, subject to appropriate bankruptcy court order, consistent with the terms of this stipulation and [proposed] Order.

    5.    Within ten days of the entry of an Order as set forth in this stipulation, the USMS shall transfer the funds in case C 05-4412 WBS, consisting of both principal and interest accumulated to the date of distribution, to Mohammed Poonja ("trustee") in his capacity as trustee in bankruptcy case 03-31971, *In re Tomi LLC,* at P.O. Box 1510, Los Altos, California 94023-1510, for distribution consistent with the provisions of paragraphs 6 through 8, below. The trustee shall distribute the funds, subject to the appropriate bankruptcy court order, consistent with the terms of this stipulation and [proposed] Order.

    6.    Distribution of the principal defendant funds in case C 05-4412 WBS ($1,324,826.62) shall be made to the following payees, at the addresses which will be provided by the United States Attorney within fourteen days of the entry of an Order as set forth in this stipulation, in the amounts listed :

    a. Lih-Woan Lii    $ 308,000.00

    b. Michael Lewis    $ 212,500.00

    c. Lynn Schoenmann
       as trustee of Win Fashion, Inc.
       & Wins of California, Inc.
       bankruptcy estates    $ 40,000.00

    d. Internal Revenue Service    $ 59,379.04

    e. State of California
       Employment Development
       Department    $ 100,000.00

    f. City and County of San
      Francisco Tax Collector    $ 30,000.00

**SETTLEMENT STIPULATION AND**
**[PROPOSED] ORDER**
**CV 04-0933 WBS**
**CV 05-4412 WBS**    3

| | | |
|---|---|---|
| 1 | g. Lansing Street Partners | $ 36,000.00 |
| 2 | h. State of California Franchise Tax Board | $  3,100.00 |
| 3 | i. Better Methods Alexander | $  1,339.62 |
| 4 | j. C.R. Daniels, Inc. | $  2,143.39 |
| 5 | k. PG & E (Win Fashion, Inc.) | $  2,357.73 |
| 6 | l. Saha Union International, Inc. | $  4,661.87 |
| 7 | m. Sunclipse, Inc. | $    589.43 |
| 8 | n. Burlington Industries, Inc. | $  5,465.65 |
| 9 | o. Sun Trust Bank | $  1,661.13 |
| 10 | p. Feldman Co., Inc. Euler American Credit Idemnity | $  4,661.87 |
| 11 | q. Phoenix Ribbon Co., Inc. | $ 10,824.12 |
| 12 | r. Acker & Jablow | $169,327.84 |
| 13 | s. Reynaud Rexo c/o Milton J. Moser Assoc. | $  6,805.26 |
| 14 | t. Baroff Container & Supply Co. | $  2,893.58 |
| 15 | u. Weber & Sons Button Co. | $  1,178.86 |
| 16 | v. PG & E (for Wins of Ca.) | $    643.02 |
| 17 | w. Milberg Factors, Inc. | $  3,911.69 |
| 18 | x. Gehring Textiles, Inc. | $    696.60 |
| 19 | y. Artistic Ribbon, Inc. | $  2,036.22 |
| 20 | z. ABC Embroidered Accessories | $    214.34 |
| 21 | aa. Super Trim, Inc. | $ 29,096.52 |
| 22 | bb. Crafland, Inc. | $  1,446.79 |
| 23 | cc. Robert Kaufman | $  9,591.67 |
| 24 | dd. Sani-Line Sales | $    696.60 |
| 25 | ee. Emday | $ 61,943.98 |

**SETTLEMENT STIPULATION AND
[PROPOSED] ORDER
CV 04-0933 WBS
CV 05-4412 WBS**                                4

| | | |
|---|---|---|
| ff. | Neman Brothers | $103,793.68 |
| gg. | E.T.C. Trims Co. | $ 2,464.90 |
| hh. | Fabric Country | $ 2,089.81 |
| ii. | PG&E (Wins of CA) | $    428.68 |
| jj. | Compupunch, Inc. | $ 1,553.96 |
| kk. | San Francisco Elevator Co. | $ 3,268.67 |
| ll. | Euler / American Credit Indemnity, Agent of Feldman Co., Inc. | $ 7,716.21 |
| mm. | HSBC Business Credit USA, Inc. | $ 4,179.61 |
| nn. | Alden, Curtis and Michaels, Ltd. World Wide Collections | $ 2,411.31 |
| oo. | Euler-Hermes ACI | $ 20,362.21 |
| pp. | GMAC Commercial Credit, LLC | $ 3,161.50 |
| qq. | Logistics Links | $ 29,310.86 |
| rr. | Lansing Street Partners | $ 11,735.06 |
| ss. | MK Fabrics, Inc. | $ 19,183.34 |

7.  The parties further agree that, as to any interest that has accrued on the principal net sum of funds in case C 05-4412 WBS while the defendant funds have been in U.S. Marshal custody, the first $140,000 of said interest shall be distributed to creditor Internal Revenue Service, identified above in 6(d), with both such payments representing losses incurred by the Internal Revenue Service for employee trust fund taxes that the Wins companies failed to pay.  Any additional interest beyond the first $140,000 that has accrued on the principal amount as of the day of distribution to the trustee by the USMS, as well as any additional funds available that would otherwise be part of action C 05-0411 WBS and that are being held by the trustee, minus any necessary and reasonable professional fees and costs incurred by the trustee in effecting the distributions set forth in this stipulation and the Court's Order in action C 05-0411 WBS, shall be distributed by the trustee to the parties identified in paragraph 6, subparagraphs i through

ss, above, on the same pro rata basis.

8. Any checks that are distributed and remain uncashed after 120 days, and any additional funds that may be available due to accrual of additional interest, shall be re-distributed by the trustee pro rata to the creditors listed paragraph 6, subparagraphs i through ss, above. The United States Attorney will make good faith efforts to locate all said creditors. The trustee is under no obligation to search for other addresses before re-distributing the funds pro rata.

9. Claimant Nancy Quan shall hold harmless the United States of America, the Federal Bureau of Investigation, the United States Marshal's Service, and all agents, officers and employees thereof, including any and all state and local law enforcement officers, for any and all acts directly or indirectly related to the seizure, detention and distribution of the defendant funds.

10. Each party shall bear its own attorneys fees and costs.

11. In exchange for the settlement described above in case C 05 4412 WBS, the United States agrees to move to dismiss the civil forfeiture action in case C 04-0933 WBS.

12. The terms of this settlement agreement are contingent upon the Court's entry of the proposed Order concerning the distribution of funds.

13. The distribution in accordance with the terms of this agreement will constitute full satisfaction of any restitution that may be due and owing under *United States v. Quan, et al.*, criminal case CR-04-323 WBS.

SO STIPULATED.

Dated:     6/3     , 2008           _____/s/_____
                                     STEPHANIE M. HINDS
                                     Assistant United States Attorney


Dated:     6/2     , 2008           _____/s/_____
                                     JOHN CHU
                                     Attorney for Nancy Quan and Anna Wong

Dated:     5/31    , 2008           _____/s/_____
                                     NANCY QUAN
                                     Claimant

**ORDER**

**SETTLEMENT STIPULATION AND**
**[PROPOSED] ORDER**
**CV 04-0933 WBS**
**CV 05-4412 WBS**                              6

1   Upon the above stipulation of the parties, and good cause appearing, the Court hereby finds that there was probable cause to seize the defendant funds in case C 05-4412 WBS as suspected proceeds of bankruptcy fraud and property involved in money laundering transactions.  The Court further finds and orders that in the interest of justice, the defendant funds at issue in case C 05-4412 WBS, currently held in the custody of the United States Marshal's Service (USMS), shall be transferred to Mohammed Poonja in his capacity as trustee in bankruptcy case 03-3197, *In re Tomi LLC,* for distribution, subject to appropriate bankruptcy court order, as set forth below:

   1.   Within ten days of the entry of this Order, the USMS shall transfer the defendant funds in case C 05-4412 WBS, consisting of both principal and interest accumulated to the date of distribution, to Mohammed Poonja ("trustee") in his capacity as trustee in bankruptcy case 03-31971, *In re Tomi LLC,* at P.O. Box 1510, Los Altos, California 94023-1510, for distribution consistent with the provisions of paragraphs 2 through 4, below.  The trustee shall distribute the funds, subject to the appropriate bankruptcy court order, consistent with the terms of the parties's stipulation and this Order.

   2.   Distribution of the principal of the defendant funds, $1,324,826.62, shall be made to the following payees, at the addresses which will be provided by the United States Attorney within fourteen days of the entry of this Order, in the amounts listed :

|   |   |
|---|---|
| a.  Lih-Woan Lii | $ 308,000.00 |
| b.  Michael Lewis | $ 212,500.00 |
| c.  Lynn Schoenmann<br>    as trustee of Win Fashion, Inc.<br>    & Wins of California, Inc.<br>    bankruptcy estates | $ 40,000.00 |
| d.  Internal Revenue Service | $ 59,379.04 |
| e.  State of California<br>    Employment Development<br>    Department | $ 100,000.00 |
| f.  City and County of San<br>    Francisco Tax Collector | $ 30,000.00 |
| g.  Lansing Street Partners | $ 36,000.00 |
| h.  State of California<br>    Franchise Tax Board | $ 3,100.00 |

**SETTLEMENT STIPULATION AND**
**[PROPOSED] ORDER**
**CV 04-0933 WBS**
**CV 05-4412 WBS**                      7

| | | |
|---|---|---|
| 1 | i.  Better Methods Alexander | $ 1,339.62 |
| 2 | j.  C.R. Daniels, Inc. | $ 2,143.39 |
| 3 | k.  PG & E (Win Fashion, Inc.) | $ 2,357.73 |
| 4 | l.  Saha Union International, Inc. | $ 4,661.87 |
| 5 | m. Sunclipse, Inc. | $    589.43 |
| 6 | n.  Burlington Industries, Inc. | $ 5,465.65 |
| 7 | o.  Sun Trust Bank | $ 1,661.13 |
| 8-9 | p.  Feldman Co., Inc. Euler American Credit Idemnity | $ 4,661.87 |
| 10 | q.  Phoenix Ribbon Co., Inc. | $ 10,824.12 |
| 11 | r.  Acker & Jablow | $169,327.84 |
| 12-13 | s.  Reynaud Rexo c/o Milton J. Moser Assoc. | $ 6,805.26 |
| 14 | t.  Baroff Container & Supply Co. | $ 2,893.58 |
| 15 | u.  Weber & Sons Button Co. | $ 1,178.86 |
| 16 | v.  PG & E (for Wins of Ca.) | $    643.02 |
| 17 | w.  Milberg Factors, Inc. | $ 3,911.69 |
| 18 | x.  Gehring Textiles, Inc. | $    696.60 |
| 19 | y.  Artistic Ribbon, Inc. | $ 2,036.22 |
| 20 | z.  ABC Embroidered Accessories | $    214.34 |
| 21 | aa. Super Trim, Inc. | $ 29,096.52 |
| 22 | bb. Crafland, Inc. | $ 1,446.79 |
| 23 | cc. Robert Kaufman | $ 9,591.67 |
| 24 | dd. Sani-Line Sales | $    696.60 |
| 25 | ee. Emday | $ 61,943.98 |
| 26 | ff.  Neman Brothers | $103,793.68 |
| 27 | gg. E.T.C. Trims Co. | $ 2,464.90 |

**SETTLEMENT STIPULATION AND
[PROPOSED] ORDER
CV 04-0933 WBS
CV 05-4412 WBS**                                8

| | | |
|---|---|---|
| hh. | Fabric Country | $ 2,089.81 |
| ii. | PG&E (Wins of CA) | $ 428.68 |
| jj. | Compupunch, Inc. | $ 1,553.96 |
| kk. | San Francisco Elevator Co. | $ 3,268.67 |
| ll. | Euler / American Credit Indemnity, Agent of Feldman Co., Inc. | $ 7,716.21 |
| mm. | HSBC Business Credit USA, Inc. | $ 4,179.61 |
| nn. | Alden, Curtis and Michaels, Ltd. World Wide Collections | $ 2,411.31 |
| oo. | Euler-Hermes ACI | $ 20,362.21 |
| pp. | GMAC Commercial Credit, LLC | $ 3,161.50 |
| qq. | Logistics Links | $ 29,310.86 |
| rr. | Lansing Street Partners | $ 11,735.06 |
| ss. | MK Fabrics, Inc. | $ 19,183.34 |

3. As to any interest that has accumulated on the principal funds in case C 05-4412 WBS as of the date of distribution by the USMS, the first $140,000 of said interest shall be distributed to creditor Internal Revenue Service, identified above in 2(d), with both payments to the Internal Revenue Service representing losses incurred by the Internal Revenue Service for employee trust fund taxes that the Wins companies failed to pay. And additional interest beyond the first $140,000 that has accrued on the principal amount as of the day of distribution to the trustee by the USMS, as well as any additional funds available that would otherwise be part of action C 05-0411 WBS and that are being held by the trustee, minus any necessary and reasonable professional fees and costs incurred by the trustee in effecting the distributions set forth in this Order, shall be distributed by the trustee to the parties identified in paragraph 2, subparagraphs i through ss, above on the same pro rata basis.

4. Any checks that are distributed and remain uncashed after 120 days, and any additional funds that may be available due to accrual of additional interest, shall be re-distributed by the trustee pro

**SETTLEMENT STIPULATION AND
[PROPOSED] ORDER
CV 04-0933 WBS
CV 05-4412 WBS**                       9

1  rata to those creditors listed in paragraph 2, in subparagraphs i through ss, above who cashed their checks.
2  The United States Attorney will make good faith efforts to locate all said creditors.  The trustee is under
3  no obligation to search for other addresses before re-distributing the funds pro rata.
4       5.    Claimant Nancy Quan shall hold harmless the United States of America, the Federal
5  Bureau of Investigation, the United States Marshals Service, and all agents, officers and employees
6  thereof, including any and all state and local law enforcement officers, for any and all acts directly or
7  indirectly related to the seizure, detention and distribution of the defendant funds.
8       6.    Each party shall bear its own attorneys fees and costs.
9       7.    The distribution in accordance with the settlement's terms will constitute full satisfaction
10 of any restitution that may be due and owing in *United States v. Quan, et al.*, criminal case CR-04-323
11 WBS.
12      8.    Within five days of the USMS's transmission of funds to the trustee, the United States
13 shall file its formal motion and proposed order for dismissal of case C 04-0933 WBS.  The government's
14 motion shall include instructions to the USMS regarding distribution of the funds held in case C 04-0933
15 WBS to claimants Nancy Quan and Anna Wong.
16
17 IT IS SO ORDERED.
18
19 Dated: June 11, 2008
20
21 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

**SETTLEMENT STIPULATION AND**
**[PROPOSED] ORDER**
**CV 04-0933 WBS**
**CV 05-4412 WBS**      10